AYRES, Judge.
By this action plaintiff partnership seeks to recover for engineering and surveying services allegedly rendered defendants under an oral contract or, in the alternative, on a quantum-meruit basis. Plaintiff’s claims, aggregating $5,375, comprise these items:
1. Surveying services rendered in Coleman Park Subdivision in connection with 135 lots at $25 per lot $3,375
2. Preliminary land planning in connection with certain property designated as the Waller Estates 750
3. Preliminary land planning in connection with property known as Dogwood Plantation 1,250
Total $5,375
Defendants deny entering into any contract with plaintiff for the services claimed, or that they are indebted unto plaintiff for any sums whatever.
Plaintiff firm was employed by defendant, Donald S. Coleman, under a verbal contract in 1954 to perform the engineering and surveying services in connection with a specific subdivision, without an agreement for future work.. Nevertheless, plaintiff’s firm was continued in Coleman’s service on the same basis for 14 subdivisions developed between 1954 and 1960. According to Coleman, plaintiff was to be compensated on a basis of six percent of the cost of street improvements, utility development, and water, sewerage and drainage installations. Plaintiff claims defendants were to pay, in addition, a final surveying fee of $35 per lot. Because plaintiff did not perform the services as enumerated in Item 1, it voluntarily reduced its charges therefor to $25 per lot. That they had such an agreement for the payment of this additional amount was testified by J. C. McLemore, one of plaintiff’s partners, but this fact is vehemently denied by Coleman.
*475 From our review of the record, we are convinced that this charge, concerning Item 1 of plaintiff’s demands, was for a final survey of each individual lot, for use by the purchaser in connection with a loan procured by him and secured by a mortgage thereon, the proceeds of which loan were utilized in connection with the financing .and construction of a residence. This •survey was usually required by the attorney approving the mortgage and closing the loan, and was a matter concerning only the homeowner as mortgagor, a finance company as mortgagee, and the latter’s agent •or attorney closing the loan. The defendants, according to Coleman’s testimony, were not concerned with this phase of the •development of the subdivisions. As to the lots on which the purchasers secured loans, the cost incurred with reference to a final survey was paid in the closing of such loans; none were paid by Coleman. Coleman •denied any agreement to pay for such ■services.
The alternative demand for plaintiff’s claims, that is, on a basis of a quantum-meruit, is equally without merit. Plaintiff asserts, and its witness so testified, that the work had not been performed nor the services rendered. Hence, there is no basis for recovery on a quantum meruit.
Nor can we conclude that plaintiff has sustained its burden of proof and established, by a preponderance of the evidence, agreements concerning Items 2 and 3 of its demands. Plaintiff’s testimony in this regard is denied by Coleman. In fact, defendant Coleman’s position appears to be supported by the fact that, over the years, plaintiff had never submitted a bill to defendant for these charges. It was admitted that defendant Coleman paid plaintiff, promptly on receipt of statements rendered, for services performed approximating $100,000, which included a statement for $5,120 for services in connection with Dogwood Plantation. It is also significant, in our opinion, that plaintiff never made claim for these purported land-planning services in Items 2 and 3 until its employment had been dispensed with and another firm employed in its stead.. In fact, one of plaintiff’s partners admitted that, had its services been continued by defendants, there would not have been any charges made for these items.
From our own review of the record, we have not been able to find, and it has not been pointed out to us, any manifest error in the obvious conclusion of the trial court that plaintiff had not sustained its burden of proof by a reasonable preponderance of the evidence and established its claims to a legal certainty.
The judgment appealed is, accordingly, affirmed at plaintiff-appellant’s cost.
Affirmed.